IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FRANCES GLENDA LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-133 |
| | ) | |
| DEPARTMENT OF THE ARMY; | ) | |
| COMMANDER, DWIGHT D. | ) | |
| EISENHOWER ARMY MEDICAL | ) | |
| CENTER; DEBORAH WOODS, FOIA | ) | |
| Officer; and KELLY ELDER, Labor | ) | |
| Management Specialist, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff commenced the above-captioned case *pro se* and has paid the $400.00 filing fee. Because she is proceeding *pro se*, the Court will provide Plaintiff with some basic instructions regarding the development and progression of this case.

Initially, Plaintiff is responsible for serving the defendants. Because Plaintiff may intend to sue various private individuals, as well as agencies, corporations, officers, or employees of the United States, the Court will provide instructions on two types of service.[1]

---

[1] However, there are distinctions for service even within these categories, for example between service on an officer or employee of the United States sued in his or her official capacity, and service on an officer or employee of the United States sued in his or her individual capacity. Fed. R. Civ. P. 4(i)(2)-(3). It is Plaintiff's responsibility to determine which method of service under Rule 4 is appropriate for each of the defendants she names in her amended complaint. In an effort to ensure that Plaintiff has sufficient information to determine exactly

In order to properly request that a Defendant named in her individual capacity waive personal service, Plaintiff must

> (1) obtain from the Clerk of Court an appropriate number of copies of
>
>> (a) the notice of lawsuit and request to waive service of summons form, and
>>
>> (b) the waiver of service of summons form;
>
> (2) complete both forms for each defendant; and
>
> (3) mail the completed notice form, along with a copy of the file-stamped amended complaint and two waiver forms, to each of the defendants by first class mail, with a prepaid means for returning the waiver form, and request that the defendant waive formal service of the summons.

Fed. R. Civ. P. 4(d).

Individuals, corporations, partnerships, and associations have a duty to avoid unnecessary expenses of serving the summons, and a defendant who fails to sign and return a waiver without good cause must bear the expenses incurred in making personal service. Fed. R. Civ. P. 4(d)(1) & (2). A defendant whose return of the waiver is timely does not have to answer the amended complaint until sixty (60) days after the date Plaintiff mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, should a defendant choose not to waive personal service of the summons and amended complaint, Plaintiff is still responsible for properly effecting personal service. Fed. R. Civ. P. 4(c) & (e).

To serve agencies, corporations, officers, or employees of the United States subject to service under Fed. R. Civ. P. 4(i), Plaintiff must first obtain from the Clerk of Court an appropriate summons for each such defendant and deliver a copy of the summons and the amended complaint, via registered or certified mail, to (1) the civil process clerk at the office

---

which method of service may be appropriate, the **CLERK** is **INSTRUCTED** to attach a copy of Fed. R. Civ. P. 4 to Plaintiff's service copy of this Order.

of the United States Attorney for the Southern District of Georgia; (2) Loretta E. Lynch, the Attorney General of the United States, Washington, D.C.; and (3) the officer or agency being sued. Fed. R. Civ. P. 4(i)(1)-(2).

The Court **HEREBY NOTIFIES** Plaintiff that she has 120 days from the filing of the complaint to serve the defendants. Fed. R. Civ. P. 4(m). The failure to do so may result in the dismissal of any unserved defendant, or if no defendant has been served, dismissal of the entire action without prejudice. Id.

**IT IS ORDERED** that Plaintiff shall serve upon Defendants, or upon their attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by a defendant. Upon being given at least five days' notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Defendants shall ensure that Plaintiff's deposition and any other

depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[2]

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case and failure to do so may result in dismissal for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within the time limit set forth in Local Rule 26.1(d).

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court. Exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, she should first contact the attorney for the defendants and try to work out the problem. If Plaintiff proceeds with the motion to compel, she should also file therewith a statement certifying that she has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

---

[2]The Local Rules and commonly used Forms may be found on the Court's website at www.gasd.uscourts.gov/.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within fourteen days of its service. "Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by a statement filed by Plaintiff. Loc. R. 56.1. Should a defendant file a motion for summary judgment, Plaintiff is advised that she will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint or amended complaint. Should a factual assertion in a defendant's motion for summary judgment be supported by affidavits or other materials in the record as provided in Fed. R. Civ. P. 56(c), Plaintiff must respond in kind with counter-affidavits or other such materials, if she desires to contest the defendant's factual assertion. Should Plaintiff fail to properly address a defendant's factual assertions and show that there is a genuine issue for trial, the factual assertions made in the defendant's motion which are properly supported will be accepted as undisputed and, if the defendant is entitled to judgment as

a matter of law, summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 24th day of September, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA