IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FRANCES GLENDA LEWIS,

    Plaintiff,

v.

DEPARTMENT OF THE ARMY et al.,

    Defendants.

CV 115-133

---

**ORDER**

---

Currently pending before the Court is Defendants' motion to dismiss. (Doc. 8.) For the reasons explained below, the Court **GRANTS** Defendants' motion.

I. **Background**

This case is based on Plaintiff Frances Glenda Lewis's attempt to obtain documents from Defendant Department of the Army. According to Plaintiff's amended complaint, she received notice that she had been removed from service in July 2014. (Doc. 3 at 3.) In response, Plaintiff visited her former employer and requested documents related to her removal. (Id. at 3-4.) When her employer would not provide the requested

documents, she claims her union steward submitted a request under the Freedom of Information Act ("FOIA"). (Id. at 4.) At the time Plaintiff filed her amended complaint, she had not received the requested documents. (Id.)

On August 24, 2015, Plaintiff initiated this action, and on September 8, 2015, she filed an amended complaint. (Docs. 1, 3.) In her amended complaint she named as Defendants: (1) the Department of the Army; (2) the Commander of the Dwight D. Eisenhower Army Medical Center ("DDEAMC"); (3) Deborah Woods; and (4) Kelly Elder. Plaintiff seeks the documents she requested, the appointment of Special Counsel, and $1,000,000.00 in compensatory damages.

In November 2015, Defendants moved to dismiss Plaintiff's complaint. (Doc. 8.) First, the Commander of DDEAMC, Kelly Elder, and Deborah Woods argue that dismissal is proper because FOIA does not allow for claims against individuals. Second, Defendants claim that dismissal is proper because Plaintiff never properly requested the documents and because her requests for damages and a special investigator fail as a matter of law.

Plaintiff failed to timely respond to Defendants' motion, so on May 16, 2016, the Court afforded Plaintiff an additional fourteen days to respond. (Doc. 15.) On August 8, 2016, when Plaintiff had still failed to file a response, the Court issued an Order informing Plaintiff that if she did not respond, the

2

Court would dismiss her case for want of prosecution. (Doc. 16.)

On August 12, 2016, Plaintiff responded and asked the Court not to dismiss the case. (Doc. 17.) She also represented that an attorney requested the same information she had previously requested and that he received the documents. Defendants replied and argued that Plaintiff's claim for injunctive relief is moot. (Doc. 19.) Specifically, Defendants maintain that a records search shows that Gregory Fidlon submitted a request on Plaintiff's behalf on March 15, 2016. (See Doc. 14-1.) And the Department of the Army claims that it released the requested documents on August 22, 2016. (Id. ¶ 11.)

Because Defendants raised the mootness argument for the first time in their reply, the Court allowed Plaintiff ten days to respond to the argument. Plaintiff responded and urged the Court not to dismiss her claims.[1] (Doc. 21.) But she did not respond to Defendants' position that her claim for injunctive relief is moot.

---

[1] Plaintiff's motion also requested additional time to respond to some of Defendants' arguments. To the extent that Plaintiff's response can be construed as a motion for an extension of time, it is **DENIED**.

3

## II. Discussion

**1. Individual Liability**

As a preliminary matter, the Commander of DDEAMC, Kelly Elder, and Deborah Woods are correct that only agencies are subject to suit under FOIA. See Petrus v. Bowen, 833 F.3d 581, 582-83 (5th Cir. 1987); Lonon v. U.S. Dep't of Health and Human Servs., No. CV 412-216, 2014 WL 2930569, at *1 n.1 (S.D. Ga. June 27, 2014); ("Only federal agencies qualify as proper defendants in FOIA claims, not individual employees or officers of agencies."); Stewart v. Doe, CV 110-076, 2010 WL 4256186, at *2 (S.D. Ga. Sept. 29, 2010) ("Individual employees or officers of agencies are not appropriate defendants in FOIA claims."). Accordingly, the Court **GRANTS** Defendants' motion with respect to these Defendants. The Department of the Army is the proper Defendant in this case.

**2. Mootness**

A motion to dismiss based on mootness is a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See GEICO Gen. Ins. Co. v. Farag, 597 F. App'x 1053, 1054-55 (11th Cir. 2015) (per curiam) ("[W]hen a district court disposes of a case on justiciability grounds, we treat the district court's determination as if it was a ruling on a motion to dismiss for lack of subject matter

4

jurisdiction . . . , even if the district court mistakenly has labeled its ruling a grant of summary judgment.").

Under FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). A plaintiff may seek an injunction against an agency in the district court when the agency improperly withholds records, 5 U.S.C. § 552(a)(4)(B), but once she receives the requested information, her FOIA claim becomes moot. Lovell v. Alderete, 630 F.2d 428, 430-31 (5th Cir. 1980)[2] ("The record clearly shows that Lovell has received all of the information he sought . . . . Even though the information he sought . . . was delivered late, Lovell now has all of the information he requested . . . . The district court correctly dismissed both actions for mootness to the extent that documents were sought."); Von Grabe v. U.S. Dep't of Homeland Sec., 440 F. App'x 687, 688 (11th Cir. 2011) (per curiam) ("If a person receives all the information he has requested under FOIA, even if the information was delivered late, his FOIA claim is moot to the extent that such information was sought.").

---

[2] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit decisions rendered before October 1, 1981).

Here, Defendants contend, and Plaintiff does not dispute, that Plaintiff has received the documents she requested.[3] Accordingly, her claim for injunctive relief is moot, and the Court **GRANTS** Defendants' motion on this issue.

### 3. Monetary Damages

Because FOIA does not allow claims for monetary damages, Plaintiff's request for damages fails. See Ajamu v. U.S. Postal Serv., No. 6:13-cv-Orl-28KRS, 2014 WL 169830, at *6 (M.D. Fla. Jan. 10, 2014) ("FOIA does not allow for an award of damages."); Cornucopia Inst. v. U.S. Dep't of Agric., 560 F.3d 673, 675 n.1 (7th Cir. 2009) ("Plaintiffs are not entitled to monetary damages for violations of FOIA because 5 U.S.C. § 552(a)(4)(B) authorizes only injunctive relief."); Gonser v. United States, No. 5:00CV298-3, 2001 WL 721818, at *7 (N.D. Ga. May 17, 2001) ("[T]he FOIA does not provide for the recovery of money damages . . . ."). Accordingly, the Court **GRANTS** Defendants' motion on this issue.

### 4. Special Counsel

Plaintiff asks the Court to appoint Special Counsel to investigate whether disciplinary action is appropriate. Under FOIA,

> [w]henever the court orders the production of any agency records improperly withheld from the

---

[3] The record indicates that the Department of the Army withheld a number of documents pursuant to statutory exemptions. (See Doc. 19-3.) Plaintiff has not argued that these documents were improperly withheld.

> complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends.

5 U.S.C. § 552(a)(4)(F)(i). "[B]efore the Special Counsel can become involved, the Court must have, among other things, ordered the production of agency records." Ajamu, 2014 WL 169830, at *8 n.17. See also Lovell, 630 F.2d at 431 ("We also find that the court was correct in dismissing Lovell's request for disciplinary action . . . . [Section 552(a)(4)(F)] require[s] that, before disciplinary action can be taken . . . it is necessary that the court (1) order production of improperly withheld documents (2) assess attorney's fees and other litigation costs against the Government and (3) issue a written finding that the agency personnel may have acted arbitrarily and capriciously.").

In this case, because the Court has not ordered the production of any documents, assessed any attorneys' fees or

7

costs, or issued a statement finding that the agency acted arbitrarily and capriciously, the Court **GRANTS** Defendants' motion on this issue.

III. <u>Conclusion</u>

For the reasons explained above, the Court **GRANTS** Defendants' motion to dismiss. (Doc. 8.) The Clerk shall **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this 21ST day of September, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA